IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kimberly Dickinson,

    Plaintiff,

  v.                             Case No. 2:20-cv-1004

Commissioner of
Social Security,

    Defendant.

## OPINION AND ORDER

Plaintiff Kimberly Dickinson brings this action under 42 U.S.C. §405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits. In a decision dated February 11, 2019, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of degenerative disc disease status-post remote ACDF, lumbar degenerative disc disease, asthma, right carpal/cubital tunnel syndrome status- post release, obesity, mild degenerative arthritis of the right knee, and left ankle instability status-post repair. PAGEID 56. The ALJ found that plaintiff's residual functional capacity ("RFC") would permit her to perform light work with specified physical limitations. PAGEID 57. Relying on the testimony of a vocational expert ("VE"), the ALJ decided that plaintiff was capable of performing her past relevant work as a receptionist and secretary, and that plaintiff was not disabled. PAGEID 63-64.

This matter is before the court for consideration of plaintiff's January 25, 2021, objections to the January 11, 2021, report and recommendation of the magistrate judge recommending that

the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

Plaintiff objects to the ALJ's limitation of her counsel's examination of the VE at the hearing held on December 20, 2018. The exchange between counsel and the ALJ, at PAGEID 623-33, was

quoted at length in the report and recommendation and will not be repeated verbatim here. Basically, counsel sought to question the VE specifically about the December 27, 2016, report of Dr. Herbert A. Grodner, M.D., who saw plaintiff on one occasion for a consultative examination. *See* PAGEID 392-395, Exhibit 6F.

By way of explanation, Dr. Grodner observed in his report that plaintiff had: a normal ears, eyes, nose and throat exam; a supple neck; a normal cardiovascular exam, without evidence of edema; a normal gait and reflexes, negative straight leg raise, and normal lumbar range of motion; normal alignment of the cervical spine, with some degenerative changes and decreased range of motion, but no spondylosis; some mild changes for carpal tunnel syndrome on the right side but normal grasp and manipulation; and a mild degree of obstructive airway disease. PAGEID 393-94. Despite these findings, he concluded that plaintiff was capable of only sedentary and light activity, possibly on an intermittent basis; that repetitive turning of her head or movement of the cervical spine would be difficult; and that she should avoid asthma triggers and prolonged weight bearing such as standing, walking, or sitting due to her lower extremity edema. PAGEID 395.

In his written decision, the ALJ gave Dr. Grodner's opinion little weight. PAGEID 61. The ALJ observed that the results of Dr. Grodner's physical examination of the plaintiff did not support the degree of limitations he found, and that Dr. Grodner relied heavily on plaintiff's subjective report of symptoms and limitations. PAGEID 61. The ALJ stated that there was a lack of edema on examination and in the treatment records, and that the physical examination and diagnostic imaging showed only some

3

limitation in the range of cervical motion, and normal gait, lumbar spine and lower extremities.  PAGEID 61-62.

At the hearing, the ALJ told counsel that he could not refer to Dr. Grodner's report in questioning the VE, but that he could ask the VE in general terms about work restrictions and whether they could impact the ability to work of the individual described in the ALJ's hypothetical to the VE.  Counsel refused to do so, stating at one point that he did not want to stop referring to Dr. Grodner's report.  PAGEID 629.  Counsel finally stated that he had no further questions, but even at that point, the ALJ continued to encourage counsel to ask the VE about work restrictions.  PAGEID 632-633.

Plaintiff argues that the ALJ's limitations on her questioning of the VE deprived her of due process.  "Due process requires that a claimant's hearing be 'fundamentally fair.'"  *Watters v. Comm'r of Soc. Sec.*, 530 F. App'x 419, 424-25 (6th Cir. 2013)(quoting *Richardson v. Perales*, 402 U.S. 389, 401-02 (1971)); *see also Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  Evaluation of a due process claim requires consideration of three factors: 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and 3) the government's interest, including the function involved and the fiscal and administrative burdens that additional or substitute procedural requirements would entail.  *Watters*, 530 F. App'x at 425.  Plaintiff argues in her objections that the magistrate judge did not discuss these three factors in her report and recommendation.  However, the magistrate

4

judge did address plaintiff's due process argument and correctly decided that the ALJ followed applicable procedures in conducting the hearing and that there was no due process violation.

The first due process factor is satisfied here, as an applicant for social security benefits has a Fifth Amendment property interest in those benefits. *Flatford v. Chater*, 93 F.3d 1296, 1304-05 (6th Cir. 1996).

As to the second factor, the court finds that the applicable regulations provided adequate protection, and that there was no risk of an erroneous deprivation of such interest through the procedures used. Under the regulations applicable to hearings before the ALJ, the ALJ "may decide when the evidence will be presented and when the issues will be discussed." 20 C.F.R. §404.944. The Hearings, Appeals and Litigation Law Manual ("HALLEX"), a procedural guide for processing and adjudicating social security claims, states that the "ALJ determines the subject and scope of testimony from a claimant and any witness(es), as well as how and when the person testifies at the hearing." HALLEX I-2-6-60(A)[1]. The claimant and the representative have the right to question the VE fully on any pertinent matter within the VE's area of expertise, but the "ALJ will determine when they may exercise this right and whether questions asked or answers given are appropriate." HALLEX I-2-6-74(C).

The role of the VE is to testify whether the claimant can perform past work or make an adjustment to other work based on the

---

[1] Although the HALLEX is not binding on the court, the court can still consider the procedural guidance it provides. *See Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008).

claimant's RFC, age, experience, and education. *See Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). However, in the Sixth Circuit, a VE's testimony must be based on a hypothetical question posed by the ALJ that accurately portrays the claimant's physical and mental impairments. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996). "The vocational expert is not expected to evaluate the claimant's medical conditions in making this determination. Indeed, vocational experts are not required to have any medical training, so any evaluation of medical evidence they perform would be outside their area of expertise." *Webb*, 368 F.3d at 633. The HALLEX provides that the "ALJ will not permit the VE to respond to questions on medical matters or to draw conclusions not within the VE's area of expertise." HALLEX §I-2-6-74(C). The Vocational Expert Handbook, also found on the Social Security Administration's website, states that a VE "should never comment on medical matters, such as what you believe the medical evidence indicates about the claimant's diagnosis or the functional limitations caused by the claimant's impairment(s)[.]"

Permitting counsel to question the VE about Dr. Grodner's report would not have resulted in the presentation of any relevant or admissible evidence. The ALJ only has discretion to admit evidence that is material to the issue at hand. *See* 20 C.F.R. §404.944. The VE was not qualified to answer questions concerning Dr. Grodner's report or to address the validity of Dr. Grodner's medical opinion concerning plaintiff's work restrictions based on the consultative examination. It is not clear why counsel persisted in referring to the report. Perhaps counsel believed that identifying these restrictions as coming from the report of a

medical expert would lead the VE to assign them more importance in his analysis of how they would impact plaintiff's ability to work. However, the VE could not judge the merits of Dr. Grodner's opinion or attribute more weight to the restrictions simply because they were recommended by a medical source. Rather, the issue presented to the VE was whether and how any work restrictions posed by the ALJ or counsel would impact the ability of the individual described in the ALJ's hypothetical question to perform either past relevant work or other jobs. Dr. Grodner's opinion concerning plaintiff's work restrictions, regardless of its validity, was simply not relevant to the VE's testimony or within the VE's area of expertise. The ALJ was legitimately concerned that by referring to Dr. Grodner's report, counsel was implicitly suggesting to the VE that he was accurately describing the restrictions found by Dr. Grodner, when in fact the actual nature of the restrictions proposed by Dr. Grodner was a matter to be argued before and decided by the ALJ. *See Brown v. Comm'r of Soc. Sec.*, 1 F. App'x 445, 452 (6th Cir. 2001)(ALJ is the trier of fact in social security proceedings). The ALJ did not deny plaintiff a full and fair hearing by restricting counsel's cross-examination of the VE concerning Dr. Grodner's report.

Under the ALJ's ruling, counsel could have questioned the VE concerning work restrictions in general terms, even those of the type identified in Dr. Grodner's report, as long as he did not mention that Dr. Grodner's report was the source of those work restrictions. Counsel elected not to do so, even though the ALJ continued to urge him to question the VE about work restrictions. Although due process requires that a claimant be given the right to

7

cross-examine individuals who testify, that right is waived if the attorney is silent when the opportunity to cross-examine arises. *Butler v. Comm'r of Soc. Sec.*, 114 F.3d 1186 (unreported), 1997 WL 259374, at *4 (6th Cir. 1997)(plaintiff was not denied due process due to ALJ's restriction of counsel's questioning of VE concerning plaintiff's pain where counsel did not return to the hearing room after a recess); *see also Baranich v. Barnhart*, 128 F. App'x 481, 489 (6th Cir. 2005)(finding that the ALJ committed no error when attorney voluntarily abandoned questioning of vocational expert). Plaintiff's counsel waived any right to further cross-examination when he declined to ask the VE about work restrictions when invited to do so by the ALJ.

In regard to the third factor, plaintiff's sole claim of error is that she was denied an opportunity to fully cross-examine the VE. The only additional procedure advocated by plaintiff is that the case be remanded to the Commissioner for further proceedings, which would needlessly require the expenditure of additional government resources. Even if a new hearing were held which included the testimony of a VE, the line of cross-examination pursued by counsel at the previous hearing would still suffer from the same deficiencies and would produce no results helpful to plaintiff, as the VE would still be unqualified to evaluate the merits of Dr. Grodner's opinion.

As the magistrate judge correctly noted, even assuming that the ALJ erred in his restriction of counsel's cross-examination of the VE, plaintiff has not alleged or shown any prejudice. *See Rabbers*, 582 F.3d at 654 (the court will not remand a case for further administrative proceedings absent prejudice on the merits

8

or a deprivation of substantial procedural rights). The ALJ evaluated the opinion and functional assessment of Dr. Grodner and gave it little weight. PAGEID 61. Plaintiff does not argue that the ALJ's decision in that regard was not supported by substantial evidence, nor does she contend that the ALJ's RFC and nondisability findings were not supported by substantial evidence. Rather, she simply argues that counsel should have been permitted to pursue his line of questioning of the VE. She has not shown how she was prejudiced by the ALJ's actions.

The court concludes that the ALJ did not violate plaintiff's due process rights, and her objections are not well taken.

III. Conclusion

In accordance with the foregoing, the court finds that no reversible error has been shown, and that the ALJ's restrictions on the cross-examination of the VE at the hearing did not deny plaintiff due process. Plaintiff's objections (Doc. 18) are denied. The court adopts and affirms the magistrate judge's report and recommendation (Doc. 17). The Commissioner's decision is affirmed, and this action is dismissed. The clerk shall enter final judgment affirming the decision of the Commissioner.

Date: August 12, 2021         s/James L. Graham
                              James L. Graham
                              United States District Judge

9